UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| U.S. NAILS, INC. | : | Case No. 1:21-cv-00271 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| ARIA NAIL SPA, LLC, et al. | : | |
| Defendants. | : | |

**ORDER DENYING PLAINTIFF'S MOTION TO SEVER CLAIMS (Doc. 31)**

This civil action is before the Court upon Plaintiff's motion to sever claims pursuant to Federal Rule of Civil Procedure 21 (Doc. 31) and the parties' responsive memoranda. (Docs. 33, 34, 36, and 37).

I.     **BACKGROUND**

Plaintiff U.S. Nails Inc. (hereafter "Ambiance") operates nail salons.[1] (Doc. 1 at ¶2). Defendants Aria Nail Spa, LLC ("Aria") and its proprietors, Hung Tran and Duyen Hoang, do the same. (*Id.* at ¶). In the complaint, filed in December 2021, Ambiance accused Aria of appropriating Ambiance's trade dress, thus violating state and federal trade-dress protections. (*Id.* at ¶¶50-82). Ambiance also named two Defendants—Bich Le and Tan Truong—who had at the time of the complaint left Ambiance to become founding members of Aria. (*Id.* at ¶¶11-12) According to Aria, after the filing of the complaint, Le and Truong left Aria to return to Ambiance. (*See* Doc. 15 at ¶59).

---

[1] The nail salons opened by Plaintiff U.S. Nails Inc. are named Ambiance 1, Ambiance 2, and so forth. (*See* Doc. 1 at ¶22).

1

Aria counterclaimed, cross-claimed, and brought in another party through a third-party complaint. (Doc. 15). The initial portion of Aria's counterclaim is a mirror image of the complaint: Aria claims it used the trade dress first and, therefore, it was *Ambiance* that infringed on Aria's trade dress protections. (*Id.* at ¶¶27-57, PageID## 54-59).[2] Another portion of the counterclaim, though, relates to the back-and-forth employees Le and Truong. (*Id.* at ¶59). Specifically, Aria counterclaims to the effect that Ambiance wrongfully hired Le and Truong, constituting tortious interference with Aria's business practices. (*Id.*).

Aria also crossclaimed against Le and Truong. Specifically, according to Aria, Le and Truong, breached their fiduciary duties to Aria. (*Id.* at ¶¶1-24, PageID## 61-64). According to Aria, Le and Truong were not just employees of Aria; they were also co-owners. (*Id.*). In their capacity as co-owners, both Le and Truong allegedly violated the duties of loyalty and good-faith when they returned to the employment of Ambiance, a competitor. (*Id.*).

Aria's third-party complaint brings Sean Cao into the equation. (*Id.* at PageID# 64). Similarly to Le and Truong, Cao was an employee and partial owner of Aria. (*Id.* at ¶3). Aria accuses Cao of similarly breaching the duties of care and loyalty. (*Id.* at ¶¶25-33). Aria has another claim against Cao. According to Aria's third-party complaint, Cao could not put up the capital-contribution amount for his ownership share of Aria. (*Id.* at

---

[2]Where necessary, PageID# citations are included for clarity, as Defendant has renumbered paragraphs where, for example, its answer ends and its counterclaims begin. (Doc. 59).

¶34). As alleged, Aria principal Hung Tran loaned Cao the amount and Cao has not paid it back. (*Id.*). On this basis, Aria claims against Cao for breach of contract. (*Id.*).

Le and Tran, meanwhile, have filed cross-counterclaims (Doc. 26 at PageID# 128) and Cao has filed a third-party counterclaim (Doc. 27 at PageID# 141)—all against Aria or its proprietor Hung Tran. The gist of Le, Tran and Cao's allegations are that Hung Tran, the Aria principal, mismanaged Aria's affairs. (Doc. 26 at PageID# 128-131). Tran allegedly failed to produce financial records, conduct an evaluation of the business, or distribute profits. (*Id.* at ¶¶25-28). Le, Tran, and Cao also echo the initial complaint against Aria, stating that, for example, "[b]y constructing Aria in a way as to have Aria be sued for using another salon's trade dress elements Hung Tran has violated his duty of care by engaging in grossly negligent conduct, and intentional misconduct." (*See* Doc. 26, PageID# 133 at ¶43). This conduct is alleged to constitute Tran's own breach of his fiduciary duties to his co-owners Truong, Le and Cao.

On October 5, 2021, Plaintiff voluntarily dismissed claims against Bich and Le, stating that Bich and Le had nothing to do with the decision to appropriate Ambiance's trade dress for the benefit of Aria. (Doc. 22). Of course, according to Aria, at the time of this voluntarily dismissal, Bich and Le were again working for Ambiance. (Doc. 15, PageID# 59 at ¶59).

Through this web of claims, counterclaims, crossclaims and third-party practice, the Court discerns roughly three bodies of substantive law: trade-dress, tortious interference, and corporate fiduciary duties.

In the motion before the Court now, Plaintiff Ambiance asks the Court to retain the trade-dress disputes but sever the rest of the claims. (Doc. 31). Plaintiff recommends dismissal of the non-trade-dress claims because those claims have no independent basis for federal jurisdiction. (*Id.*).

## II. STANDARD OF REVIEW

According to Rule 21 of the Federal Rules of Civil Procedure, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

On the question of severing claims, the Sixth Circuit has enumerated five factors courts ought to analyze:

> (1) whether the claims arise out of the same transaction or occurrence;
> (2) whether the claims present some common questions of law or fact;
> (3) whether settlement of the claims or judicial economy would be facilitated;
> (4) whether prejudice would be avoided if severance were granted; and
> (5) whether different witnesses and documentary proof are required for separate claims.

*Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018).

The Court will analyze each factor in turn.

## III. ANALYSIS

### A. Whether the claims arise out of the same transaction or occurrence

In the Sixth Circuit, courts "give the terms 'transaction' and 'occurrence' a broad and liberal interpretation." *Riding Films, Inc. v. Doe*, S.D.Ohio No. 2:13-cv-46, 2013 U.S. Dist. LEXIS 92049, 2013 WL 3322221, at *27 (July 1, 2013). This interpretive rule

is consistent with the long-standing principle that "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) (emphasis added).

Here, the Court is currently unsure whether the allegations are properly categorized as one transaction—or more. This case involves a complicated course of dealing involving seeming competitors who were once business partners, defecting and returning employees, and accusations of employee poaching for strategic purposes. The Court discerns possible cross-currents of retaliation at-issue across the trade-dress, tortious interference and fiduciary claims. What caused whom to do what will ultimately become clearer with development of the record. Taking note of the general presumption in favor of keeping claims together, the Court regards all complained-of conduct as a single transaction until shown otherwise. *Riding Films,* 2013 WL 3322221, at *27.

The Court agrees with Plaintiff that the substantive bodies of law behind the claims are separable and distinct. (Doc. 31 at 2-3).[3] Alas, that sentiment only scratches the surface of the relevant inquiry, as should be clear from the *Parchman* standard. 896 F.3d at 733 (6th Cir. 2018). Accordingly, Plaintiff's assertions about the distinct bodies of law do not amount to a persuasive argument. For the reasons stated, the Court considers this case to involve a single occurrence or transaction.

---

[3] Plaintiff would categorize the legal issues as "trade dress infringement" and "breach of fiduciary duties." (Doc. 31 at 2-3).

**B. Whether the claims present some common questions of law or fact**

On this point, as correctly identified by the parties, courts are rightly concerned with "inconsistent judgments." *See Mark Francis Macduff Spence, Sr. v. Dexcom, Inc.*, No. 3:18-CV-0369, 2019 WL 302504, at *6 (M.D. Tenn. Jan. 23, 2019). Here, Plaintiff merely asserts that the trade-dress claims and other causes of action have no facts or law in common. (Doc. 31). The Court disagrees.

To take just one example, Bich, Le and Cao, in their own claims, have repurposed Plaintiff's trade-dress theory in support of their own breach of fiduciary duty claims. Le and Cao claim that "[b]y constructing Aria in a way as to have Aria be sued for using another salon's trade dress elements[,] Hung Tran has violated his duty of care by engaging in grossly negligent conduct, and intentional misconduct." (*See* Doc. 26, PageID# 133 at ¶43). If Hung Tran and Aria prevail in defending against trade dress claims, this portion of Le and Cao's claims probably fails. But if the case is severed as suggested by Plaintiff, there could be conflicting findings and resultant confusion.

Similarly, the Court suspects that a wide-array of facts will be marshalled in support of all the tortious interference claims at-issue. This is because proofs of the necessary intent seem likely to rely on the parties' contentious course of dealing, including facts surrounding the trade dress claims. The appropriation of business opportunities and customer goodwill is also common across trade dress and non-trade dress claims.

For these reasons, the Court finds there are possibly many facts crucial to all sets of claims. Therefore, the Court finds there is sufficient overlap between law and facts to warrant keeping the claims together.

### C. Whether settlement of the claims or judicial economy would be facilitated and whether different witnesses and documentary proof are required for separate claims

The Court finds it makes sense to analyze these factors together, as both factors aim to promote efficient judicial administration and avoid "duplicative litigation and needless expense." *Shina v. State Farm Fire & Cas. Co.*, No. 20-10080, 2021 WL 391419, at *8 (E.D. Mich. Feb. 4, 2021). In practical terms, it simply makes no sense, in the Court's view, to depose a witness on trade-dress claims, and then (potentially) depose the witness again on fiduciary duties.[4] It is inferable from the pleadings, moreover, that several witnesses are likely to testify to more than one set of claims.

The Court acknowledges there is also likely to be a good deal of unique proofs, too. Evidence on the trade dress claims will undoubtedly center on the design elements of nail salons. The Court is not pretending those proofs would have anything to do with, for example, whether Cao paid back a loan. But the Court is convinced there is enough commonality between witnesses and proofs such that hearing the claims together is more efficient than severing them.

---

[4] Yes, the Court realizes the parties may choose to use one deposition across two proceedings. With severed proceedings, though, the door would be opened to strategically imposing the cost of multiple depositions on the other.

### D. Whether prejudice would be avoided if severance were granted

Plaintiff does not specifically invoke the "prejudice" it will face if the claims are not severed. To close its reply, Plaintiff does assert that in the event all claims are heard in one trial, "jurors will not be presented with a straightforward determination of trade dress rights but subjected to a sideshow of interpersonal disputes which are unrelated to the primary claims and are sure to cause confusion and delay." (Doc. 36 at PageID# 194). However, Plaintiff is alleged as a central player in important parts of that "sideshow." For that reason, the Court finds it is fair to require Plaintiff to answer the allegations against it in the present case.

Furthermore, notwithstanding this Order, the Court will maintain the ability to sever claims or order separate trials if factual development reveals joinder of these claims is unmanageable or likely to cause prejudice. *See* Fed. R. Civ. P. 42(b); *see also State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) ("[Rule 42(b)] is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and the litigants.") (internal quotations omitted). At present, the Court does not find that prejudice would be avoided if severance were granted.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to sever claims pursuant to Rule 21 of the Federal Rules of Civil Procedure is **DENIED**. (Doc. 31).

**IT IS SO ORDERED.**

Date: 1/20/2022 　　　　　　　　　　　　　　　　　　*s/Timothy S. Black*
　　　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge